IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>      v.<br><br>TRISTAN JAMAL GRANT,<br><br>                     Defendant. | Case No. 3:21-cr-00027-TMB-DMS<br><br>ORDER ON DEFENDANT'S<br>MOTION IN LIMINE TO EXCLUDE<br>CERTAIN EVIDENCE<br>(DKT. 18) |

## I. INTRODUCTION

The matter comes before the Court on Defendant Tristan Jamal Grant's Motion in Limine to exclude various evidence in advance of trial (the "Motion").[1] The Government filed a Reply to Grant's Motion.[2] The Parties did not request oral argument, and the Court finds it is not necessary for resolution of the matter. Based on the following reasons, the Motion is **DENIED without prejudice**.

## II. BACKGROUND

This action arises out an alleged escape by a pre-trial detainee, Grant, while in the custody of a third-party custodian.

*A. Underlying Charges*

On December 18, 2018, Grant was charged by complaint in Case Number 3:19-cr-00003-RRB-MMS-1 with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).[3] On

---

[1] Dkt. 18 (Motion).

[2] Dkt. 25 (Reply).

[3] Case No. 3:19-cr-00003-RRB-MMS-1 (filed on Jan. 15, 2019) (Dkt. 1) (Complaint).

1

December 21, 2018, Grant made an initial appearance before Magistrate Judge Scoble, an Order of Detention was entered, and Grant was detained at the Anchorage Correction Complex ("ACC").[4] On January 15, 2019, the Grand Jury returned an Indictment charging Grant with Felon in Possession of a Firearm and Ammunition.[5] Multiple superseding indictments were filed, adding counts of Sexual Exploitation of a Child/Production of Child Pornography, Sex Trafficking of a Minor, and Conspiracy to Engage in Sex Trafficking of Minors.[6] Grant filed a Motion for Release on February 11, 2021, for the limited purpose of meeting with his legal counsel on three separate days: February 16, 18, and 19, 2021.[7] The Court held a hearing and granted the Motion for Release.[8] The Court issued a separate Order setting conditions of release ("Conditions of Release Order") and an Order of Release ("Release Order").[9] The Release Order stated, in part, that Grant "met the bail conditions indicated below and is ordered discharged from custody" and released into the custody of "Monte Hernandez, the third-party custodian" on Tuesday, February 16, 2021 by 10:00 a.m. and is to self-remand by 5:00 p.m. on Tuesday, February 16, 2021."[10]

The Conditions of Release Order stated, in relevant part:

---

[4] Case No. 3:19-cr-00003-RRB-MMS-1 (Dkt. 12); *see* Dkts. 23 at 3, 5 (Defendant's Proposed Findings of Fact & Conclusion of Law); 24-1 at 6–7 (United States' Proposed Findings of Fact & Conclusion of Law).

[5] Case No. 3:19-cr-00003-RRB-MMS-1 (Dkt. 20) (Indictment).

[6] Case No. 3:19-cr-00003-RRB-MMS-1 (Dkt. 34) (First Superseding Indictment); (Dkt. 55) (Second Superseding Indictment); (Dkt. 61) (Third Superseding Indictment); (Dkt. 68) (Fourth Superseding Indictment).

[7] Case No. 3:19-cr-00003-RRB-MMS-1 (Dkt. 159) (Motion for Release); *see also* Dkt. 24-1 at 3.

[8] Case No. 3:19-cr-00003-RRB-MMS-1 (Dkt. 166) (Minute Entry); (Dkt. 168) (Release Order).

[9] Case No. 3:19-cr-00003-RRB- MMS-1 (Dkt. 167) (Conditions of Release Order); (Dkt. 168).

[10] Case No. 3:19-cr-00003-RRB- MMS-1 (Dkt. 168).

> [A violation] may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine or both. . . . If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.[11]

### B. Alleged Escape

On February 16, 2021, Grant was released from ACC pursuant to the Court's Release Order.[12] Grant was picked up from ACC by Hernandez, who had been hired by Grant's defense counsel and who transported Grant to the law office of James Wendt.[13] After leaving Mr. Wendt's office and before returning to ACC, Grant left PI Hernandez's presence, and PI Hernandez called the Anchorage Police to report Grant had left.[14] On February 17, 2021, Grant was arrested in a room at the Inlet Towers Hotel.[15]

On February 18, 2021 an Indictment was handed down in the present case charging Grant with, Escape by Prisoner in Custody, in violation of 18 U.S.C. § 751(a) ("Count 1") and Failure to Appear, in violation of 18 U.S.C. § 3146(2)(a), (b)(1)(A)(i), (b)(2) ("Count 2").[16] On April 14, 2021, following a bench trial, Grant was convicted of the charges in Case Number 3:19-cr-00003-RRB-MMS-1.[17]

---

[11] Case No. 3:19-cr-00003-RRB- MMS-1 (Dkt. 167).

[12] *See* Dkt. 22 at 4.

[13] Dkts. 22 at 4; 24-1 at 3.

[14] Dkts. 22 at 4; 24-1 at 4.

[15] Dkts. 22 at 4; 24-1 at 5–6.

[16] Dkts. 2 (Indictment); 24 at 2.

[17] Case No. 3:19-cr-00003-RRB-MMS-1 (Dkt. 214) (Findings of Fact, Conclusion of Law, & Verdict); (Dkt. 216) (Minute Entry).

3

C. *Motion in Limine*

On April 20, 2021, Grant filed his Motion seeking to exclude the following: (1) opinion evidence regarding Grant's status upon being released to Private Investigator Monte Hernandez ("PI Hernandez"); (2) opinion evidence about Grant's reputation, "his predictable or unpredictable nature," or "whether or not he is viewed as dangerous" or "a flight risk"; (3) the contents of phone calls Grant made from ACC prior to February 16, 2021; (4) items seized from a search of the hotel room where Grant was located and arrested; (5) items seized from a search of Julissa Carter's vehicle; (6) hearsay statements from an unidentified individual who made a proffer and post-arrest statements of Julissa Carter; (7) attorney client privileged communications including testimony from a private investigator regarding any communications between Grant and his lawyer; (8) evidence regarding the underlying facts in Case Number 3:19-cr-00003; and (9) Grant's criminal history (the "Issue" or "Issues").[18]

D. *Reply*

The United States filed a Reply to the Motion, responding to each of Grant's issues raised in turn.[19] First, the United States responds that it will not seek to offer opinion evidence regarding Grant's legal status upon being released to PI Hernandez.[20] Second, the United States responds that it will not seek to offer opinion evidence regarding Grant's "reputation, his predictability, or whether he is dangerous or viewed as a flight risk."[21] Third, the United States responds that it will seek to introduce several of Grant's pre-February 16, 2021 phone calls from jail because the calls

---

[18] Dkt. 18 at 1–3; *see also* Dkt. 22 at 2–3 (Defendant's Trial Brief).

[19] Dkt. 25.

[20] *Id.* at 1–2.

[21] *Id.* at 2.

4

are both relevant and non-hearsay statements.[22] Fourth, the United States responds that the items seized form the Inlet Tower hotel room where Grant was arrested are relevant under Federal Rule of Evidence ("FRE") 401 because they show both that Grant was in the hotel room and not ACC at the time of his arrest and that he was there intentionally and knowingly.[23] Fifth, the United States responds that it will not seek to admit items found during the search of Julissa Carter's vehicle.[24] Sixth, the United States responds that it will not offer redacted statements made by an unidentified person during a proffer.[25] Seventh, the United States responds that it will not seek to elicit any testimony from PI Hernandez regarding attorney client communications between Grant and his lawyer.[26] Eighth, the United States responds that responds that evidence regarding the underlying facts in Case Number 3:19-cr-00003-RRB-MMS-1 is relevant and should be admitted to show that Grant was facing a felony offense punishable by imprisonment of fifteen years or more and to demonstrate that he knowingly and intentionally failed to surrender.[27] Ninth, and finally, the United States responds that it will not seek to admit evidence of Grant's prior criminal history unless he testifies in which case the admission of his prior convictions is governed by FRE 609.[28]

---

[22] *Id.*

[23] *Id.* at 5.

[24] *Id.*

[25] *Id.* at 5–6.

[26] *Id.* at 6.

[27] *Id.*

[28] *Id.*

### III. LEGAL STANDARD

*A. Motion in Limine*

"'A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area'"[29] and is "a well-recognized judicial practice authorized under case law."[30] A court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials."[31]

*B. Relevancy*

FRE 401 "defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"[32] "If evidence is relevant, it is generally admissible under [FRE] 402."[33] "However, relevant evidence must be excluded if its probative

---

[29] *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) (quoting *United States v. Heller,* 551 F.3d 1108, 1111 (9th Cir. 2009)); *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020).

[30] *Smith v. County of Riverside*, No. EDCV 16-00227 JGB (KKx), 2018 WL 7500278, at *2 (C.D. Cal. Nov. 14, 208) (citing *Ohler v. United States*, 529 U.S. 753, 758 (2000)); *see also United States v. Manlove*, CR 15-40-M-DLC-012017 WL 90765at *1 (D. Mont. Jan. 9, 2017) ("A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all.") (citing *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999)).

[31] *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

[32] *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011) (quoting *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc)).

[33] *Id.*

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[34]

    C. Hearsay

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[35] Though hearsay statements are normally subject to exclusion, the FRE provide for certain exceptions and exclusions. Under the admissions by a party opponent exception to the hearsay rule, a statement that "is offered against an opposing party and . . . was made by the party in an individual or representative capacity" is admissible.[36]

Under the coconspirator exception to the hearsay rule, a statement offered against an opposing party that was made "by the party's coconspirator during and in furtherance of the conspiracy" is admissible.[37] Before a court admits a coconspirator's statement over an objection, "a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'"[38]

---

[34] *Id.* (citing Fed. R. Evid. 403).

[35] Fed. R. Evid. 801(c); *United State v. Hieng*, 679 F.3d 1131, 1142 (9th Cir. 2012).

[36] Fed. R. Evid. 801(d)(2)(A).

[37] Fed. R. Evid. 801(d)(2)(E); *see United States v. O'Conner*, 737 F.2d 814, 819–20 (9th Cir. 1994).

[38] *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (citation omitted).

## IV. DISCUSSION

Grant moves *in limine* regarding nine different issues. The Court will address each in turn. For the following reasons, the Motion is **DENIED without prejudice**.

### A. Issues 1, 2, 5, 6, 7, and 9

The Government states that it does not seek to offer evidence at trial regarding (Issue 1) Grant's legal status upon being released to PI Hernandez; (Issue 2) Grant's reputation, his predictability, or whether he is dangerous or viewed as a flight risk; (Issue 5) items found during the search of Julissa Carter's vehicle; (Issue 6) redacted statements made by an unidentified person during a proffer; (Issue 7) testimony from PI Hernandez regarding any attorney client communications between Grant and his lawyer; or (Issue 9) Grant's criminal history.[39] Accordingly, the Motion is **DENIED without prejudice** as to these issues. However, Grant may re-raise his evidentiary objections as to these issues at trial if desired.

### B. Issue 3: Grant's Jail Calls Prior to February 16, 2021

Grant moves to exclude evidence of phone calls he made from jail.[40] Grant states that jail calls made from the ACC prior to February 16, 2021 are "not relevant to any element of the charges under FRE 401.[41] In addition, statements made by any other person who participated on these

---

[39] Dkt. 25 at 1–6. The Government states, however, that it may raise evidence of Grant's prior criminal history as impeachment evidence under Fed. R. Evid. 609 if Grant testifies at trial. *Id.* at 6. Grant may raise objections to any proffered impeachment evidence at trial. Additionally, the Government did not state a position on the admissibility of potential post-arrest statements made by Julissa Carter. *See id.* at 5–6. Grant may raise an evidentiary objection at trial should the Government attempt to introduce these statements.

[40] Dkt. 18 at 2.

[41] *Id.*

8

calls is hearsay and should be excluded unless they are either non-hearsay statements or meet a recognized exception."[42]

The Government argues that the jail calls "are both relevant and non-hearsay statements."[43] The Government argues that the jail calls are relevant because they "evince the defendant planning parts of his escape and alluding to the fact that he will not be in jail."[44] The Government states that the "conversations go to the knowing and intentional elements of the charged offense."[45] The Government indicates that all of the proffered jail calls are between Grant and Julissa Carter.[46] The Government states that in one call on February 10, 2021, Grant stated that "'I might uh might be out here'" and "'I might be loose as a goose.'"[47] In another call on February 10, the Government states that Grant described his plan to "'have everything together for the first time" and "then the second time . . . I'm out there.'"[48] In a call on February 12, 2021, the Government says Grant asked Carter about her car and a detailed layout of his lawyer's office.[49] On February 15, 2021, the Government says Grant asked Carter to get several personal grooming items and tells Carter

---

[42] *Id.*

[43] Dkt. 25 at 2.

[44] *Id.*

[45] *Id.*

[46] *See id.* at 2–5.

[47] *Id.* at 2.

[48] *Id.*

[49] *Id.* at 3.

that he "'can't wait to see [her.]'"[50] In another call on February 15, the Government states that Grant instructed Carter to "'remember everything'" and that he will see her the next day.[51]

Hearsay is a statement that "the declarant does not make while testifying at the current trial" and "offer[ed] in evidence to prove the truth of the matter asserted[.]"[52] Grant's statements are not hearsay under FRE 801(d)(2)(A), which states that evidence "offered against an opposing party" that "was made by the party in an individual or representative capacity" is not hearsay.[53] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[54]

The Court finds that the proffered statements made by Grant in the jail calls are relevant and not otherwise inadmissible. The statements have a bearing on whether Grant knowingly and voluntarily planned to leave custody without permission, which is a required element of Escape by a Prisoner in Custody under 18 U.S.C. § 751(a). This is evidenced by his alleged statements that he might be "'loose as a goose'" and his concerns about the layout of his lawyer's office and formulation of plans to meet Carter.[55] Therefore, the Government will be permitted to introduce evidence of statements made by Grant in jail calls from February 10–15, 2021, as described in the Government's Response. The Motion as to Grant's statements in the jail calls (Issue 3) is therefore **DENIED without prejudice**.

---

[50] *Id.*

[51] *Id.*

[52] Fed. R. Evid. 801(c).

[53] Fed. R. Evid. 801(d)(2)(A).

[54] Fed. R. Evid. 401.

[55] *See* Dkt. 25 at 2–3.

The Court also finds that the statements made by Carter in the jail calls are similarly admissible for the non-hearsay purpose of providing context for Grant's admissible statements in the February 10–15, 2021 jail calls.[56] The statements made by Carter may also be admitted as non-hearsay statements under FRE 801(d)(2)(E) if the Government proves there was "sufficient concert of action to show the individuals to have been engaged in a joint venture[.]"[57] Grant need not be charged with conspiracy in order for FRE 801(d)(2)(E) to apply.[58] The Government may admit Carter's non-hearsay statements to provide context for Grant's statements on the jail calls. Accordingly, the Motion as to Carter's statements in the jail calls is **DENIED without prejudice**.

C. *Issue 4: Items Seized from Search of Hotel Room*

Grant argues that "[i]tems found during the search of the hotel room where Mr. Grant was located and arrested are not relevant" under FRE 401.[59] The Government argues that the items are relevant because they show that Grant "was in the hotel room and not [the ACC] at the time of his

---

[56] *See United States v. Welton*, No. CR 09-00153 MMM, 2009 WL 2390848, at *12 (C.D. Cal. Aug. 1, 2009) (third party statements on tape recording are not hearsay because they provide context for defendant's admissions); *Foston v. Law*, No. 11–36–M–DWM–JCL, 2012 WL 2915863, at *5 (D. Mont. July 17, 2012) (" [C]ourts have held that the defendant's statements are admissions by a party-opponent under [FRE] 801(d)(2)(A), and the informant's statements are not offered to prove the truth of the matter asserted, but merely provide context for the defendant's admissions."); *United States v. Nguyen*, 230 F. App'x 686, 690 (9th Cir. Apr. 24, 2007) (mem. op.) (statements can be properly admitted for providing context for recorded statements); *see United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006).

[57] *United States v. Fries*, 781 F.3d 1137, 1151–52 (9th Cir. 2015) (quoting *United States v. Manning*, 56 F.3d 1188, 1197 (9th Cir. 1995)); *see also United States v. Eller*, No. CR 16-8207-01-PCT-DGC, 2019 WL 6909567, at *5 (D. Ariz. Dec. 19, 2019) (stating that a coconspirator statement may be admitted even though no conspiracy charge was brought).

[58] *Fries*, 781 F.3d at 1151.

[59] Dkt. 18 at 2.

11

arrest."[60]  The Government also argues that the items seized "demonstrate that [Grant] was staying at the hotel room and intended to do so."[61]

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[62]  The Court agrees with the Government and finds that the items seized in the hotel room tend to show that Grant was not at the ACC at the time of his arrest and that he intended to stay at the hotel room.  This is relevant to establishing that Grant escaped by virtue of his presence at the hotel when he should have been back at the ACC pursuant to the Court's order.  Therefore, the Motion as to Issue 4 is **DENIED without prejudice**.

D. *Issue 8: Evidence Regarding Underlying Facts in 3:19-cr-00003-RRB-MMS-1*

Grant moves to exclude evidence regarding the underlying facts in Case Number 3:19-cr-00003-RRB-MMS-1 because they are not relevant under FRE 401.[63]  The Government argues that the facts of Case Number 3:19-cr-00003-RRB-MMS-1 are relevant to establish that "defendant was facing a felony offense punishable by imprisonment of fifteen years are more, and to demonstrate that the defendant failed to surrender knowingly and intentionally."[64]  The Government also argues that the facts are relevant to Grant's "motive in escaping from custody."[65]  The Government further states that it only plans to use Grant's prior acts to establish that Grant

---

[60] Dkt. 25 at 5.

[61] *Id.*

[62] Fed. R. Evid. 401.

[63] Dkt. 18 at 3.

[64] Dkt. 25 at 6.

[65] *Id.*

"was charged with a felony at the time of his escape" and that it "does not intend to elicit any testimony about the particulars of those charges."⁶⁶

The Court finds that evidence from Case Number 3:19-cr-00003-RRB-MMS-1 is admissible for the purpose of establishing that Grant was charged with a felony at the time of his alleged escape. Whether Grant was charged with a felony is relevant to determine the possible penalty under 18 U.S.C. § 751(a), which provides for up to five years of imprisonment for individuals guilty of escape when in custody for a charged felony, and up to one year for individuals guilty of escape when in custody for a charged misdemeanor. Accordingly, the Motion as to Issue 8 is **DENIED without prejudice**.

## V. CONCLUSION

Accordingly, for the foregoing reasons, Grant's Motion to exclude certain evidence in advance of trial is **DENIED without prejudice.**

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 27th day of April 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

⁶⁶ Dkt. 24 at 6–7.